IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-03044-01-CR-S-SRB |
| ) | |
| BRYAN L. GREGORY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, Defendant, Bryan L. Gregory, by undersigned counsel, and hereby submits this Sentencing Memorandum.

First, Defendant maintains his objection to 2K2.1(b)(6)(b) and the 4-level increase that results from the application of that guideline section. The government cites several cases in their response to defendant's objection regarding the potential facilitation and emboldening of the firearm to commit the offense of resisting arrest. As stated in defendant's objection to that increase, the firearm was not used or possessed to facilitate the commission of another felony offense. Furthermore, the mere presence of the illegally possessed firearm did not embolden Mr. Gregory's resisting arrest. During both police chases, the facilitating and emboldening factor was the vehicle Mr. Gregory was operating. At no time during either pursuit did Mr. Gregory use, threaten to use, or exhibit the firearm. To the contrary, and as decided by the Honorable Magistrate Judge David P. Rush as one of the grounds for overruling defendant's motion to suppress evidence; he abandoned the vehicle and firearm after he overturned the vehicle during the pursuit on October 29th, 2016. To suggest that the firearm facilitated or emboldened Mr. Gregory on either of the nights in question is a misapplication of 2K2.1(b)(6)(b), and as such the 4-level increase should be overruled by this Court.

Additionally, the draft presentence report did not include the 6-level increase pursuant to 3A1.2(c)(1), and only after an objection was made by the Government and adopted by the Presentence report writer, was that added to Mr. Gregory's total offense level. Mr. Gregory objects through this sentencing memorandum to the application of that guideline provision. Mr. Gregory disputes that his actions on October 28th, 2016 rose to the level of creating a substantial risk of seriously bodily injury to any of the law enforcement officers involved in the administration of the checkpoint.

If the Court were to rule in defendant's favor regarding the above-mentioned objections, his total offense level would be 19 and with a corresponding criminal history category of V, his guideline range would be 57-71 months, and as such Mr. Gregory is requesting a sentence in the mid-range of that range. Defendant suggests that a sentence to the appropriate guideline range would satisfy the enumerated factors codified in 18 U.S.C. §3553(a), as well as result in a sentence that is sufficient but not greater than necessary. As this Court is aware 18 U.S.C. §3553 (a) requires an examination of the following factors:

(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities [between defendants]; and (7) the need for restitution.  In this case, the following are considerations that Mr. Gregory believes are the most important for the Court to consider.

**Offense and Offender Characteristic**

Mr. Gregory has not led an easy life. He was raised by his father after his mother disappeared from his life at a very young age. He never had a significant maternal role model, resulting in him being less compassionate towards others than those of us blessed with a loving mother. Several years ago, he lost his best friend and brother to severe alcoholism. This is another factor that has led Bryan down a path of not caring about himself or others the way most in society do. To be frank, his upbringing has resulted in many of his poor decisions as an adult.

Mr. Gregory admittedly has a lengthy and somewhat violent criminal history when viewed on paper. But a closer examination details a kid who got caught stealing at 18 years old. Today, the courts and society would punish that behavior, but in a much less draconian manner. At 18, he was sentenced to the maximum authorized by law for receiving a stolen class ring and stealing a .22 revolver and pickup truck. He was not given the privilege of probation and was sent to the department of corrections where he was taught to be tough or become a victim himself. One cannot help but wonder if things would have been different for Bryan and his family had the Judge in St. Francois County given Bryan, who was no more than a child, the opportunity to take advantage of the services available through state probation and parole. Bryan is a slight man, standing at 5'7" and weighing in at 150 lbs. There is no doubt prison was a harsh reality for a little kid trying to keep safe amongst hundreds of hardened criminals. I believe this was the pivotal point in Bryan's life where his only choice was to chisel the hard exterior that we see today. Notably, Mr. Gregory was not given a chance to prove himself on probation until 2012, when he was 43 years old.

**Basic Aims of Sentencing**

The guidelines with the adjustment for Mr. Gregory's objections, in this case, would still meet the basic aims of sentencing. Retribution will be served by sentencing him to the guideline calculation. Counsel submits that some retribution has already occurred for Mr. Gregory. He has been incarcerated since his arrest for the current charge on October 2016. There is no telling how the Bureau of Prisons

will calculate his credit since he was held on Howell County charges for the entirety of this case and was only brought before this court on a writ of habeas corpus on April 14, 2017. While the Howell County charges will be dismissed after he is sentenced before your Honor, they remain pending at this time. No doubt the stress and shame of this situation have also contributed to sleepless nights and immense anxiety.

Specific deterrence can still be achieved through a sentence to the guideline range as contemplated post objection. Mr. Gregory is becoming an old man and if he is like most defendants, his criminal behavior should soon become a thing of the past. Furthermore, a sentence to the guideline range will still be substantial and will result in general deterrence.

Any sentence to the Bureau of Prisons will incapacitate Mr. Gregory for the foreseeable future and will give him the rehabilitative options afforded to inmates at the prison he is designated to serve his sentence.

At the time of the submission of this memorandum, the sentence he is to receive is still fluid, as is the guideline range. However, the statutory maximum sentence is 10 years. While the events leading up to his arrest are serious and should result in some level of punishment, to suggest that this possession of a firearm in and of itself is worthy of the statutory maximum seems excessive. Certainly, there are Felon in Possession of a Firearm cases where the factual scenario is more egregious and necessitate a harsher sentence than Mr. Gregory's case. This has the potential of creating an unwarranted disparity in sentencing that 18 U.S.C. §3553(a) and the sentencing guidelines are designed to circumvent. For the foregoing reasons, Mr. Gregory respectfully requests this Court to sustain his objections to the presentence report and to sentence him to a mid-range guideline sentence between 57-71 months.

Respectfully submitted,

__/s/ Brady A. Musgrave_____
Brady A. Musgrave, Mo Bar No. 51937
Attorney for Defendant
400 E. Walnut, Suite 130
Springfield, MO 65806
417-866-0110
417-866-7667

Date:	February 27, 2019___

CERTIFICATE OF SERVICE

 I hereby certify that on this 27th day of February, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

	_____/s/ Brady A. Musgrave_____

	BRADY A. MUSGRAVE