# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-03044-SRB-1 |
| | ) | |
| BRYAN L. GREGORY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Bryan L. Gregory's *pro se* Petition for Release Pursuant to § 3882. (Doc. #116.) The Court construes the instant filing as a motion for compassionate release arising under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons below, the motion is DENIED.

In 2018, Defendant Gregory pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(A)(2). (Doc. #76.) This Court subsequently sentenced Defendant Gregory to a 120-month term of imprisonment, to be followed by a three-year term of supervised release. (Doc. #97.) Defendant Gregory is currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), and his projected release date is November 22, 2025.

On October 5, 2020, Defendant Gregory filed the instant *pro se* motion for compassionate release, stating the threat posed by COVID-19 constitutes an extraordinary and compelling reason to grant his early release. Defendant Gregory asserts that he has a twenty-percent greater chance of contracting COVID-19 and, due to his age and health history, an even greater chance of death should he become infected.[1] The Government opposes the instant motion, stating that Defendant

---

[1] In the instant motion, Defendant Gregory extensively discusses his pending Section 2255 motion and the various arguments he is actively litigating in that proceeding. Since those issues are not properly before the

Gregory failed to exhaust his administrative remedies prior to seeking relief directly from this Court. The Government additionally argues that Defendant Gregory fails to demonstrate any extraordinary or compelling reason to justify a sentence reduction.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

---

Court and do not form the basis of his motion for compassionate release, the Court declines to address them here. Defendant Gregory is reminded that he must file any motions or documents related to his pending Section 2255 case in *Gregory v. United States*, Case No. 20-3294-CV-S-SRB-9, where they will be considered.

Even if Defendant Gregory has exhausted his available administrative remedies, the Court finds no circumstances warranting a reduction of his sentence. Defendant Gregory proffers only generalized statements that he faces a heightened risk of illness or death should he contract the virus. He does not identify any apparent medical condition that places him at a heightened risk of serious illness or death should he contract the virus. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, without more, Defendant Gregory's generalized concerns about contracting COVID-19 do not warrant a reduction of his sentence. In sum, Defendant Gregory has not satisfied his burden under 18 U.S.C. § 3582(c) and his motion for compassionate release is thus denied.

Accordingly, it is hereby **ORDERED** that Defendant Johnson's *pro se* motion for compassionate release (Doc. #116) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2020

3